42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John L. LIPSCOMB, Plaintiff-Appellant,
v.
Peter KING, Jasper Davis and Elton Lawler, Defendants-Appellees.
 No. 93-1717.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1994.*
Decided Dec. 7, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John Lipscomb, while a prisoner at the Stateville Correctional Center in Joliet, brought suit under 42 U.S.C. Sec. 1983 against three correctional officers--Peter King, Jasper Davis and Elton Lawler--claiming that he was beaten in violation of his constitutional rights under the Eighth and Fourteenth Amendments.[1] After a jury trial, judgment was entered in favor of King, Davis and Lawler and against Lipscomb. Lipscomb subsequently filed a motion for a new trial alleging that the district court erred in failing to grant his request for a mistrial. The district court stated that as there was no cause for a mistrial, Lipscomb's motion for a new trial was denied. Lipscomb, appearing pro se, filed the instant appeal.
 
 
 2
 Prior to trial, the district court ordered counsel for defendants to refrain from making any reference to the nature of Lipscomb's prior felony convictions. However, in order to permit defendants to establish that there was a need for a high level of security at Stateville, the district court allowed defense counsel to make reference to the fact that Lipscomb was a convicted felon housed at the Stateville Correctional Center in Joliet and that Stateville was a maximum security prison. The district court emphasized that there was to be no mention of the nature of Lipscomb's felonies. In his opening statement, defense counsel stated "[n]ow, a maximum security prison is a prison that houses the worst of the worst of Illinois' criminal offenders." Tr. Oct. 19, 1992, at 2. Counsel for Lipscomb objected. The district court overruled counsel's objection and defense counsel continued, stating that Stateville "houses murderers, burglars, rapists, and thieves." Id. Lipscomb's counsel objected again and the district court requested defense counsel to clarify to the jury that the type of prison in which Lipscomb was housed did not reflect upon Lipscomb but was indicative only of the need for a high level of security. Defense counsel continued:
 
 
 3
 That's correct. As the judge said, I am talking about maximum security prisons in general and the type of individuals who reside in them. Now--
 
 
 4
 Id. at 3. The Court then interrupted, clarifying that defense counsel's commentary relates only to "[s]ome of the individuals that reside in [maximum security prisons]." Id. at 3 (emphasis added).
 
 
 5
 After opening statements, defense counsel conducted the direct examination of one of the defendants, Lieutenant King. The following colloquy took place:
 
 
 6
 DEFENSE COUNSEL: Lieutenant, what is a maximum security prison?
 
 
 7
 KING: A maximum security penitentiary is a penitentiary where you house your most violent inmates.
 
 
 8
 DEFENSE COUNSEL: And is Stateville a maximum security institution?
 
 
 9
 KING: Yes, it is.
 
 
 10
 PLAINTIFF'S COUNSEL: Your Honor, I am going to object once again to his characterization of housing the most violent--
 
 
 11
 COURT: Well, we are not talking about individuals now, we are talking about an institution and the rules that are in effect in that institution, and only on that limited basis is that question to be asked and the answer to be received in evidence.
 
 
 12
 If you will rephrase the question again which we have discussed before.
 
 
 13
 DEFENSE COUNSEL: I'm not referring for purposes of this question to the plaintiff. In general, what types of inmates are housed at Stateville Correctional Center?
 
 
 14
 KING: You have violent inmates, you have your murderers, burglars.
 
 
 15
 PLAINTIFF'S COUNSEL: Objection, Your Honor.
 
 
 16
 DEFENSE COUNSEL: I withdraw the question.
 
 
 17
 Tr. Oct. 20, 1992, at 2.
 
 
 18
 The district court then initiated a sidebar conference where the court explained to defense counsel that the question presented and the answer elicited was inappropriate and in direct contravention of its pretrial order. Counsel for Lipscomb moved for a mistrial. The district court denied this motion explaining that any prejudice would be cured by its instructions to the jury. The court then instructed the jury as follows:
 
 
 19
 All right, ladies and gentlemen of the jury, I think we have gotten some procedures under way and everything to shorten up the trial. I just want to make it clear again to you now as I have before, nothing has changed, the last statements now relating to what may or may not have been done by various individuals in that institution is not evidence in the case, does not have any effect, and does not relate at all to the plaintiff in this case. It is not to be considered by you in any way on the merits of the case.
 
 
 20
 The only evidence that is to be considered by you is that this is a higher level security institution, and that there are, therefore, certain rules and regulations that apply to such an institution. Beyond that, you are to disregard all of the other testimony and the questions, and it should not be a part of your consideration.
 
 
 21
 Id. at 8.
 
 
 22
 Testimony that Lipscomb was a prisoner at Stateville and that Stateville was a maximum security prison was admissible under Federal Rule of Evidence 404(b). See, e.g., West v. Love, 776 F.2d 170, 174 (7th Cir.1985). Its admission was allowed by the district court and is not objected to by Lipscomb. Hence, the fact that Lipscomb was housed in a maximum security prison at the time of the alleged assault was properly before the jury. Lipscomb maintains, however, that defense counsel's comments during his opening statement and the testimony elicited during the direct examination of defendant King unnecessarily described Stateville as housing the "worst offenders" and the "most violent inmates." To this point, Lipscomb argues that these comments suggested to the jury that since Lipscomb was an inmate at Stateville, he had a propensity for violence and, therefore, defendants' use of force on Lipscomb was justified.
 
 
 23
 Unless there is a strong conviction of error which prejudiced a substantial right of the parties, a district court's denial of a motion for a new trial will not be disturbed. Wilson v. Groaning, 25 F.3d 581, 584 (7th Cir.1994) (citing Lemons v. Skidmore, 985 F.2d 354, 357 (7th Cir.1993)). We agree with the district court that there were not sufficient grounds for a new trial.
 
 
 24
 Regarding defense counsel's direct examination of King, the record demonstrates that the district court made a timely and effective instruction to the jury. When a curative instruction has been given, as in the instant case, this court must " 'presume [ ] that the jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant.' " Humphrey, 34 F.3d at 556-57 (altered in original) (quoting United States v. Soria, 965 F.2d 436, 441 (7th Cir.1992) (citations omitted)). In determining whether the jury instruction alleviated any prejudice, we must consider the timeliness and effectiveness of the curative instruction as well as the record as a whole. Humphrey, 34 F.3d at 556-57 (citing Wilson v. Groaning, 25 F.3d 581, 587 (7th Cir.1994)).
 
 
 25
 Here, the district court's instruction made clear to the jury that statements regarding the type of prisoner generally housed at Stateville are to be considered by the jury only to the extent that these comments demonstrate that Stateville is a maximum security prison and that certain rules and regulations apply. The district court emphasized that these comments do not relate at all to Lipscomb. This instruction was given immediately after the testimony of King. Considering the district court's adequate and timely instructions to the jury, defense counsel's direct examination of King was not so prejudicial as to require a new trial.
 
 
 26
 Lipscomb points out, however, that no instruction was given to the jury after defense counsel's prejudicial remarks during his opening statement. Although the district court did not explicitly instruct the jury, its remarks during defense counsel's opening statements made clear to the jury that defense counsel's comments regarding Stateville were indicative only of the need for a high level of security. Specifically, in response to defense counsel's statement that "a maximum security prison houses the worst criminals," the district court instructed defense counsel to clarify that the type of prisoner residing in a maximum security prison does not reflect upon Lipscomb but only upon the level of security required at Stateville. Defense counsel then stated that he was speaking of maximum security prisons in general and the types of prisoners housed there. The district court immediately clarified that statement by indicating that defense counsel was referring to only some of the types of prisoners housed at a maximum security prison. If this did not make it clear to the jury that defense counsel's commentary did not relate to Lipscomb, the district court's instructions to the jury during defense counsel's direct examination of King did. As this court has long held, "litigants are entitled to a fair trial, not a perfect one." United States v. Ashman, 979 F.2d 469, 491 (citing United States v. Fountain, 768 F.2d 790, 797 (7th Cir.1985)), cert. denied, Barcal v. United States, 114 S.Ct. 62 (1993). Since there was insufficient basis for a new trial, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Lipscomb's original complaint was brought against a total of twenty-three correctional officers. However, three of the defendants were never served, two have been granted summary judgment and the complaint as filed against fifteen of the defendants was dismissed prior to trial